Adam S. Lurie (*pro hac vice* pending)
Sean P. Mooney (*pro hac vice* forthcoming)
**LINKLATERS LLP**
1290 Avenue of the Americas
New York, NY 10104
T: (212) 903-9000
F: (212) 903-9100
adam.lurie@linklaters.com
sean.mooney@linklaters.com

Ryan W. Koppelman (CA State Bar No. 290704)
**ALSTON & BIRD LLP**
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
T: (650) 838-2000
F: (650) 838-2001
ryan.koppelman@alston.com

*Attorneys for Plaintiff GENFIT S.A.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENFIT S.A., | Case No. 3:21-cv-00395 |
| Plaintiff, | **[PROPOSED]** ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE, AND FOR EXPEDITED DISCOVERY |
| v. | |
| CYMABAY THERAPEUTICS, INC.; AND DOES 1–10, | |
| Defendants. | |

## [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER RE: PRELIMINARY INJUNCTION; ORDER PERMITTING <u>EXPEDITED DISCOVERY</u>

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 65-1, Plaintiff GENFIT S.A.'s ("Plaintiff" or "GENFIT") *Ex Parte* Motion for a Temporary Restraining Order and for an Order to Show Cause Why a Preliminary Injunction Should Not Issue, and for Expedited Discovery (the "Application"), came before this Court for hearing on March 12, 2021.  Having considered the Complaint, the parties' respective written submissions, and the arguments submitted by the parties, and for good cause shown:

IT IS HEREBY ORDERED as follows:

1. GENFIT has demonstrated a substantial likelihood of success on the merits of its claims against Defendant CymaBay Therapeutics, Inc. ("Defendant" or "CymaBay") for violations of the Defend Trade Secrets Act and the California Uniform Trade Secrets Act based on its alleged acquisition and disclosure of Plaintiff's trade secrets.  The Court further finds Plaintiff has demonstrated that, without an order from this Court, it will suffer irreparable harm and that the balance of hardships tips in Plaintiff's favor.  In addition, the Court finds that a temporary restraining order and order to show cause why a preliminary injunction should not issue are in the public interest.  Lastly, the Court finds there is no realistic likelihood of harm to Defendant from enjoining its conduct as set forth below.

2. The Court HEREBY TEMPORARILY RESTRAINS, ENJOINS, and ORDERS Defendant, and any other person or entity participating with or acting for, on behalf of, or in concert with Defendant, including but not limited to its affiliates, officers, directors, shareholders, employees, and those acting in concert with Defendant who have notice of this order:

   a. From directly or indirectly obtaining, accessing, using, altering, destroying, or copying, disclosing, disseminating, transmitting, or moving to any person or entity other than Plaintiff, Plaintiff's protocol for its Phase 3 study of elafibranor in primary biliary cholangitis ("PBC") (the "Protocol"), either in the form of (i) an entire document or (ii) any component part thereof that has not been made public or had not been independently developed by Defendant prior to the disclosure of the Protocol to Defendant;

   b. From altering, destroying, concealing, erasing, losing, or disposing of any evidence or other

        materials relating to this action, including but not limited to the Protocol;

    c. To disclose to Plaintiff the following information, provided Plaintiff identifies the component parts of the Protocol that have not been made public:

        i. The current location of the Protocol and any component part thereof that has not been made public;

        ii. Whether, when, and to whom CymaBay has disclosed the Protocol and any such component part; and

        iii. Whether and when CymaBay has used or is using the Protocol or any such component part.

    d. To show cause why a preliminary injunction should not issue concerning the above, at a hearing to be conducted by the Court after the parties have submitted, as directed, a proposed briefing schedule and hearing date for such matter.

3. Unless the parties agree to an extension or the Court otherwise orders, this TRO shall expire on the date of the hearing on Plaintiff's motion for a preliminary injunction.

4. The stay on discovery pursuant to Rule 26(d) of the Federal Rules of Civil Procedure is hereby lifted, and both parties shall be entitled to conduct expedited discovery.

5. No security bond is required to be filed in this matter.

IT IS SO ORDERED.

Dated: March 12, 2021.

_____
UNITED STATES DISTRICT JUDGE
MAXINE M. CHESNEY