IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENFIT S. A.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CYMABAY THERAPEUTICS, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-00395-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH PRELIMINARY INJUNCTION** |

Before the Court is plaintiff GENFIT S.A.'s ("GENFIT") Motion, filed April 1, 2021, "to Compel Defendant's Compliance with the Preliminary Injunction." Defendant CymaBay Therapeutics, Inc. ("CymaBay") has filed opposition, to which GENFIT has replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

GENFIT, a biopharmaceutical company "dedicated to the discovery and development of innovative drug candidates and diagnostic solutions targeting metabolic and liver-related diseases," alleges that, in July 2020, its "most direct and key competitor," CymaBay, "surreptitiously acquired . . . GENFIT's trade secret protocol (the 'Protocol') for an important clinical trial," specifically, GENFIT's "ELATIVE™ trial." (See First Am. Compl. ("FAC") ¶¶ 2, 19, 52, 76.)[2][3]

---

[1] By order filed May 3, 2021, the Court took the matter under submission.

[2] According to GENFIT, clinical trial protocols "detail, amongst other things, the objective of the trial, the parameters to be used in monitoring safety, and the effectiveness criteria to be evaluated," and that such protocols "must be submitted to and approved by the [Food and Drug Administration] before the trial can begin." (See id. ¶ 49.)

[3] The "ELATIVE™ trial" is GENFIT's "Phase 3 clinical trial of elafibranor," a drug developed by GENFIT to treat primary biliary cholangitis, "a severe liver disease." (See

Based thereon, GENFIT asserts the following six Causes of Action: (1) "Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836, *et seq.*)"; (2) "Violation of the California Uniform Trade Secrets Act (Cal. Civ. Code § 3426, *et seq.*)"; (3) "Intentional Interference with Prospective Economic Advantage"; (4) "Negligent Interference with Prospective Economic Advantage"; (5) "Aiding and Abetting Breach of Fiduciary Duty"; and (6) "Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200–17209)."

Concurrent with its initial complaint, filed January 15, 2021, GENFIT also filed a "Motion for Temporary Restraining Order and for an Order to Show Cause Why a Preliminary Injunction Should Not Issue, and for Expedited Discovery," which motion was heard on March 12, 2021, and granted thereafter by written order issued that same date ("March 12 Order"). In its order, the Court, <u>inter alia</u>, temporarily restrained CymaBay from using or disseminating the Protocol and directed CymaBay to disclose to GENFIT certain information listed in paragraph 2(c) of said order, conditioned on GENFIT's "identif[ying] the component parts of the Protocol that have not been made public." (<u>See</u> Order, filed Mar. 12, 2021, ¶ 2(c).)[4]

**DISCUSSION**

By the instant motion, GENFIT seeks an order compelling CymaBay to comply with paragraph 2(c) of the March 12 Order, whereby CymaBay was required:

> To disclose to [GENFIT] the following information, provided [GENFIT] identifies the component parts of the Protocol that have not been made public:
>
> i. The current location of the Protocol and any component part thereof that has not been made public;
>
> ii. Whether, when, and to whom CymaBay has disclosed the Protocol

---

<u>id.</u> ¶ 2.)

[4] By order filed March 26, 2021, the Court approved the parties' stipulation that the March 12 Order "be considered a [preliminary injunction] and . . . remain in force unless and until the [p]arties agree, or the Court orders, otherwise." (<u>See</u> Order, filed Mar. 26, 2021.)

2

|   |   |
|---|---|
| 1 | and any such component part; and |
| 2 | iii.    Whether and when CymaBay has used or is using the Protocol and any such component part. |

(See Order, filed Mar. 12, 2021, ¶ 2(c).) In support of its motion, GENFIT points to two letters it sent to CymaBay, dated, respectively, March 23, 2021 (see Decl. of Adam Lurie ("Lurie Decl.") Ex. A), and March 29, 2021 (see Lurie Decl. Ex. C), in which GENFIT identified component parts that, "in addition to including information that has not otherwise been publicly disclosed, . . . ha[ve] also never been made public at least because GENFIT's use, endorsement and adoption of such information remains non-public," and that "the way in which [it] used [such component parts], including in combination with other components of the Protocol, has never been made public" (see Mot. at 3:5-8 (quoting Lurie Decl. Ex. C)). As CymaBay points out, the identification provided is not in compliance with the March 12 Order.

At the March 12 hearing, the Court, relying on the then operative Complaint, wherein the only trade secrets identified were the Protocol in its entirety and six specified component parts (see Compl. ¶¶ 55-56),[5] made clear that it "used the word 'public' [to mean] not necessarily just that [GENFIT] made it public . . . but it is out there" (see Lurie Decl. Ex. D (Mar. 12, 2021, Hr'g Tr.) at 24:9-12). In its letters to CymaBay, however, GENFIT has included components that it implicitly acknowledges have been published, i.e., components that are "out there."

Although GENFIT subsequently amended its Complaint to expand its claimed trade secrets to include "GENFIT's use . . . of every component part of the Protocol" (see FAC ¶ 57 (emphasis added)), as well as "combination[s]" of component parts constituting

---

[5] The phrase "component parts," as used in the March 12 Order and herein, refers to specifications, acceptance criteria, and other individual features of the Protocol, such as those identified by GENFIT in the initial complaint and FAC, e.g., "[t]he rationale for choosing the number of patients expected to be enrolled," "[m]ethods of measuring the primary and secondary endpoints," and "[p]atient eligibility criteria." (See Compl. ¶ 55; FAC ¶ 55.)

3

less than the entire Protocol (see id.), the Court's March 12 Order remains unchanged.

Accordingly, GENFIT having failed to fulfill the condition set forth in paragraph 2(c) of the March 12 Order, CymaBay is not required to disclose to GENFIT the information listed therein.

**CONCLUSION**

For the reasons stated above, GENFIT's Motion to Compel is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 17, 2021

MAXINE M. CHESNEY
United States District Judge