IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENFIT S.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>CYMABAY THERAPEUTICS, INC.,<br><br>        Defendant. | Case No. 21-cv-00395-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT PLAINTIFF'S OBJECTION TO REPLY EVIDENCE AND DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S OBJECTION TO REPLY EVIDENCE; CONTINUING CASE MANAGEMENT CONFERENCE** |

        Before the Court is defendant CymaBay Therapeutics, Inc.'s ("CymaBay") motion, filed June 4, 2021, to dismiss plaintiff GENFIT S.A.'s ("GENFIT") First Amended Complaint ("FAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. GENFIT has filed opposition, to which CymaBay has replied, after which, with leave of Court, GENFIT filed a sur-reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

        1.    The First and Second Causes of Action, titled, respectively, "Violation of the Defend Trade Secrets Act" ("DTSA") and "Violation of the California Uniform Trade Secrets Act" ("CUTSA"), are, as set forth below, subject to dismissal.[2]

---

[1] By order filed September 8, 2021, the Court took the matter under submission.

[2] To the extent CymaBay, in arguing the First and Second Causes of Action are subject to dismissal, has submitted various documents not referenced in the FAC, such evidence has not been considered in resolving the instant motion. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (holding, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint" (emphasis omitted)). In light thereof, GENFIT's Objection to Reply Evidence and CymaBay's Administrative Motion to Strike GENFIT's Objection to Reply Evidence are

1     a. To the extent the First and Second Causes of Action are based on
2 GENFIT's allegations that information other than its clinical trial protocol ("Protocol") in its
3 entirety constitutes a trade secret,[3] those claims are subject to dismissal, as GENFIT has
4 failed to adequately plead the element of secrecy.  In particular, GENFIT's allegation that
5 "GENFIT [itself] has not made public" such information (see FAC ¶¶ 55-56) does not
6 suffice to plead secrecy even in a conclusory fashion, see DVD Copy Control Ass'n, Inc.
7 v. Bunner, 116 Cal. App. 4th 241, 251 (2004) (holding, under CUTSA, "in order to qualify
8 as a trade secret, the information must be secret, and must not be of public knowledge or
9 of a general knowledge in the trade or business" (internal quotation and citation omitted));
10 see also Veronica Foods Co. v. Ecklin, No. 16-CV-07223-JCS, 2017 WL 2806706, at *12
11 (N.D. Cal. June 29, 2017) (noting definitions of "trade secret" under CUTSA and DTSA
12 are "substantially identical"), let alone, as CymaBay points out, set forth facts sufficient to
13 support a finding of secrecy, see, e.g., ChromaDex, Inc. v. Elysium Health, Inc., 301 F.
14 Supp. 3d 963, 971 (C.D. Cal. 2017) (dismissing trade secret claims where plaintiff "simply
15 allege[d] in a conclusory fashion" that its trade secrets were "not generally known").  Nor
16 does GENFIT's allegation that such information "derive[s] independent value . . . from not
17 being generally known to and not being readily ascertainable through proper means by
18 . . . third parties" (see FAC ¶¶ 124, 136) suffice to remedy the deficiency, as such
19 allegation, in essence, assumes the element of secrecy has been sufficiently pleaded,
20 and, in any event, lacks the requisite factual support.
21    b. To the extent the First and Second Causes of Action are based on
22 GENFIT's allegation that its "use, endorsement and adoption of every component part of
23 the Protocol, and the way in which GENFIT used such information," constitute trade
24 secrets separate from the underlying information itself (see FAC ¶ 57), and even if the

---

hereby DENIED as moot.

[3] CymaBay acknowledges that GENFIT "can pursue a claim based on the compilation represented by its [Protocol] as a whole."  (See Reply at 3:3-4.)

1  secrecy of such use had been adequately pled, those claims are subject to dismissal. In
2  particular, as CymaBay points out, the cases on which GENFIT relies are distinguishable
3  on their facts, and, if GENFIT's argument is accepted, a party could convert any publicly
4  available information into a trade secret simply by claiming its use thereof is not generally
5  known.

      2.     The Third and Fourth Causes of Action, titled, respectively, "Intentional Interference with Prospective Economic Advantage" and "Negligent Interference with Prospective Economic Advantage," are, as set forth below, subject to dismissal.

      a.     To the extent the Third and Fourth Causes of Action are based on allegations that CymaBay interfered with GENFIT's ability to "market [its drug] to patients" (see FAC ¶¶ 147, 162), those claims are subject to dismissal for failure to allege facts sufficient to support a finding that, "but for" CymaBay's alleged interference, it is "reasonably probable that [such] lost economic advantage would have been realized," see Youst v. Longo, 43 Cal. 3d 64, 71 (1987) (emphasis omitted). In particular, as CymaBay points out, the future commercialization of GENFIT's drug is too speculative to support a claim based thereon. See, e.g., Rheumatology Diagnostics Lab'y, Inc. v. Aetna, Inc., No. 12-CV-05847-WHO, 2013 WL 5694452, at *20 (N.D. Cal. Oct. 18, 2013) (holding "[a]lleged relationships with potential customers are insufficient" to support claim of interference "because they are nothing more than speculative economic relationship[s]" (internal quotation and citation omitted)).

      b.     To the extent the Third and Fourth Causes of Action are based on GENFIT's allegation that CymaBay interfered with GENFIT's "economic relationship with Dr. Hirschfield, as well as the Toronto Centre for Liver Disease and the University of Toronto with which he is affiliated" (see FAC ¶¶ 149, 165), those claims are subject to dismissal for failure to allege facts sufficient to support a finding that, "but for" CymaBay's alleged interference, it is "reasonably probable" that, notwithstanding Dr. Hirschfield's alleged breach of his obligation to keep the Protocol confidential, GENFIT would have continued working with him, see Youst, 43 Cal. 3d at 71 (emphasis omitted). Indeed, as

CymaBay points out, GENFIT's allegations are to the contrary. (Cf. FAC ¶ 155 (alleging GENFIT and Dr. Hirschfield "had no choice but to terminate their relationship following this serious breach of trust").)[4]

3. The Fifth Cause of Action, titled, "Aiding and Abetting Breach of Fiduciary Duty," is subject to dismissal for failure to plead facts sufficient to support a finding that CymaBay gave "substantial assistance or encouragement to" Dr. Hirschfield to breach his fiduciary duty to GENFIT. See Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1559 (2007) (internal quotation and citation omitted). In particular, as CymaBay points out, (a) all of its allegedly wrongful acts occurred after Dr. Hirschfield's alleged breach, i.e., the disclosure of the Protocol, (b) to the extent GENFIT is alleging some additional breach on the part of Dr. Hirschfield, its allegations are too vague to plead any such breach, let alone aiding and abetting such breach (see FAC ¶ 178.d (alleging Dr. Hirschfield, subsequent to his disclosure of Protocol, "engag[ed] in further communications with CymaBay related to, and involving [such disclosure] and GENFIT's confidential and proprietary information")), and (c) the cases on which GENFIT relies to establish CymaBay's liability based on a failure to report Dr. Hirschfield's breach are distinguishable.[5]

4. The Sixth Cause of Action, titled, "Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200–17209)," is subject to dismissal, such claim being, in essence, derivative of the Third, Fourth, and Fifth Causes of Action, which claims, as discussed above, are subject to dismissal.[6]

---

[4] In light of these findings, the Court does not address herein CymaBay's alternative arguments that, as to the Third Cause of Action, GENFIT fails to allege facts sufficient to show CymaBay knew that any alleged interference "was certain or substantially certain to occur as a result of its action," see Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1154 (2003), or that, as to the Fourth Cause of Action, GENFIT fails to allege facts sufficient to show CymaBay owed a duty of care to GENFIT.

[5] In light of these findings, the Court does not address herein CymaBay's alternative argument that GENFIT fails to allege facts sufficient to support a finding that Dr. Hirschfield owed a fiduciary duty to GENFIT.

[6] Although CymaBay also contends the Third through Sixth Causes of Action are

5. As the above-identified deficiencies are potentially curable, the Court finds it appropriate to afford plaintiffs leave to amend. See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (holding, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment").

**CONCLUSION**

For the reasons stated above, CymaBay's Motion to Dismiss is hereby GRANTED as follows:

1. To the extent the First and Second Causes of Action are based on alleged trade secrets other than the Protocol in its entirety, those claims are hereby DISMISSED with leave to amend.

2. The Third, Fourth, Fifth, and Sixth Causes of Action are hereby DISMISSED with leave to amend.

GENFIT's Second Amended Complaint, if any, shall be filed on or before October 15, 2021. If GENFIT does not file a Second Amended Complaint within the time provided, the instant action will proceed on the remaining claims in the FAC.

In light of the foregoing, the Initial Case Management Conference is hereby CONTINUED from October 15, 2021, to November 19, 2021, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than November 12, 2021.

**IT IS SO ORDERED.**

Dated: September 9, 2021

MAXINE M. CHESNEY
United States District Judge

---

subject to dismissal for the additional reason that such claims are preempted by CUTSA, see K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939, 958 (2009) (holding CUTSA "preempts common law claims that are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief" (internal quotation and citation omitted)), the Court, in the absence of a viable pleading, cannot meaningfully address such additional issue.